[No. 6050.]

THE NORTHERN COAL AND COKE COMPANY v. ALLERA.

1. **Master and Servant—Duty of Master as to Place of Work** —One operating a coal mine is under duty to exercise ordinary care to keep in reasonably safe condition the entry-way by which the miners pass from the main shaft to the different parts of the mine, and may not relieve himself of this duty by delegating it to a subordinate. The duty exists as to a miner who is required to pass there in order to report the result of a shot fired in the adjacent room.—(227)

2. **Assumption of Risk and Contributory Negligence of Servant**—A coal miner who receives injury while engaged in the inherently dangerous work of "shooting a stump," or who needlessly loiters where he knows the roof of the mine is momentarily expected to fall, has no action against the master.—(228)

*Appeal from Boulder District Court* — Hon. JAMES E. GARRIGUES, Judge.

Mr. J. G. DICKENSON, for appellant.

Mr. L. J. STARK, Mr. GEO. S. REDD, and Mr. GEO. J. STIDGER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff's husband, a miner, was working for defendant company in its coal mine. He and several other workmen were directed by the shift boss to go into a room or chamber of the mine from which the coal had been taken and shoot down a stump or pillar of coal that was still standing there as a support of the roof, and afterwards to remove the debris and clear out the entry or passage-way which led to the chamber. While doing this work, as the complaint states, plaintiff's husband was killed by a rock which fell upon him from the roof of this passage-way while he was engaged in an inspection to ascertain the result of the shot, which inspection constituted a necessary part of the work in hand.

The verdict of the jury awarded plaintiff damages and from the judgment thereon defendant appeals. As is usual in such cases, the evidence was not, in every respect, entirely harmonious. If it were necessary, we might not experience much difficulty in reaching the conclusion that as to the essential and important facts the conflict is not serious. There is no dispute about the orders which were given to the deceased, or the purpose of the work in which he was to participate. The object in shooting down this stump was to remove the support and thus permit the roof of the chamber to cave in preparatory to abandoning that part of the mine, as the coal had been worked out. In pursuance of the order, the workmen entered into the chamber through an entry or passage-way which led thereto from the main shaft. Plaintiff's husband placed a shot in the stump and fired it. The evidence is that the report was not loud, but muffled and indistinct, and the workmen were in doubt whether the shot produced the desired result. From the place of safety in the entry-way, to which they repaired to do the other work after the shot was discharged, deceased returned to the vicinity of the stump to see if the shot was effective. The smoke was so thick that he was unable to see, and he returned to the entry-way and continued at the other work along with his fellows. After working there for a few minutes, he started the second time towards the stump for another inspection, the testimony being that it was expected of the men thus engaged, when they quit work, to make report to the shift boss or foreman of the result of their efforts. The timbers in the worked-out chamber were then cracking and there was evidence of some motion in the roof, but it had not yet caved. Either while deceased was going toward the chamber or returning therefrom the second time, a rock fell

upon him which caused the injury complained of. There is some controversy, at least defendant so contends, as to the exact place in which the rock fell, plaintiff asserting that it was in the passage-way, defendant saying that it was in an abandoned portion of the mine near the place where the stump or pillar had been shot.

Defendant's contentions may thus be stated: that the case as made by the complaint was not established by the proof in this, whereas the complaint alleges that the injury was received in the passage-way leading to the chamber, the evidence is that it occurred in another and different place in the mine which defendant was under no obligation to keep in a reasonably safe condition; that deceased was injured while he was, through curiosity or otherwise, visiting or inspecting a place in the mine which was inherently and to his own knowledge dangerous, and where he was not directed to go, and in which he was not required to be in the performance of the work in question; that the falling of the rock which caused the injury was one of the ordinary and usual risks which deceased assumed in doing work in the mine of this character; that he, equally with defendant, was aware of the dangerous character of the work and the unsafe place in which it must be done, and by his own negligence in going into a place which he knew, or might have known, was dangerous, he contributed to his injury. These contentions embrace substantially everything upon which defendant relies that possess any merit. For the purposes of the opinion it may be assumed that the evidence was conflicting upon all material questions of fact, and that is as much as defendant can claim.

It is first said that, since the testimony showed that plaintiff was not injured in the passage-way but in a dangerous and abandoned place in the mine,

there was a fatal variance between the proof and the allegations. As to this it is only necessary to say that the evidence was conflicting. We believe the preponderance of the evidence was that the injury occurred in the passage or entry-way. The importance of this point lies in the fact that the law is, as conceded by defendant's counsel, that defendant's duty was to exercise ordinary care to keep the entry-way in a reasonably safe condition for defendant's workmen to pass from the main shaft to the different parts of the mine, of which duty defendant could not relieve itself by delegating its performance to a subordinate. It is also admitted by counsel that in order to keep the passage-way reasonably safe the roof should be timbered. That it was not timbered or protected at the place where plaintiff's evidence tends to show the rock fell is undisputed. Defendant's shift boss admits that the men were entitled to rely upon the passage-way being kept in a reasonably safe condition, and that it was defendant's purpose so to keep these passage-ways while the men were engaged in the hazardous work of shooting down the supports of the roof and clearing away the debris preparatory to abandoning such portion of the mine, because they were obliged to use these ways in going to and returning from their work. Assuming then, as we have, that the testimony was legally sufficient to prove that the injury occurred in the passage-way, the court properly instructed the jury that defendant was required to use ordinary care in keeping the same reasonably safe for passage. The court sufficiently protected the rights of defendant when it further instructed that if the injury occurred, not in the passage-way, but in that dangerous portion of the mine where defendant claimed the rock fell, defendant was under no obligation to keep the same in a reasonably safe condition   So also were defendant's

rights safeguarded by an instruction that if deceased was injured at any place in the mine while he was doing a work which he was not directed to do, or when he was in a place where he was not required to be, he could not, in any event, recover, even though defendant was guilty of the negligence charged. The doctrines of assumption of risk, of contributory negligence, and nonliability of an employer for damages for injury to an employee in doing dangerous work which is as well known to him as to the employer, and the appropriate rules applicable to all the other issues in the case were given to the jury in language as favorable to defendant as it could ask. Had deceased received the injury at the time he was actually engaged in doing the inherently dangerous work of shooting the stump, or while he was needlessly loitering, through curiosity or otherwise, in the room whose roof was momentarily expected to fall as the result of the shock, the defendant would not be liable, and the court so instructed the jury. This would present a situation similar to that appearing in *Finalyson v. Utica M. & M. Co.*, 67 Fed. Rep. 507; *Gulf C. & S. F. Ry. Co. v. Jackson,* 65 Fed. Rep. 48; *City of Greeley v. Foster,* 32 Colo. 292, and other cases that might be cited, where it was held, upon the grounds stated in the opinions, that the ordinary doctrine of safe place does not apply. But as related to the facts of this case, which the plaintiff's evidence tended to prove, namely, that the injury occurred in a passageway which deceased was obliged to use in going to and from his work, and that the work which he was directed to do included an inspection after the shot was fired in order to make report to the shift boss what effect the shooting produced, the doctrine of safe place does apply, as is well illustrated in *Ry. Co. v. Jarvi,* 3 C. C. A. 433, and as is clearly pointed out by Judge Sanborn in his opinion in the *Finalyson*

*case.* Though defendant vigorously argues that it was not necessary for the deceased to be in the place where he was injured, and therefore the doctrine of safe place is inapplicable, the argument is based entirely upon the assumption that the place of injury was not in the passage-way through which he had to go, but in an abandoned and dangerous part of the mine. Assuming with defendant that its evidence tended so to show, it is altogether certain, as we have elsewhere said, that plaintiff's evidence tended to show that the rock fell from the unprotected roof of the passage-way. The court properly instructed the jury as to the law upon both hypotheses, and in doing so discharged its full duty so far as the particular question under consideration is concerned.

A careful examination of the record shows that the case was well tried by counsel under the careful supervision and guidance of the court, whose instructions were concise, yet sufficiently comprehensive, and whose other rulings were free from prejudicial error. The amount of the verdict is not excessive. Justice was done, and as the rules of law applicable to controversies of this nature were fully observed, and the jury not left in doubt as to the issues of fact involved and the pertinent law, the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.