[No. 8097.]

## CALUMET FUEL COMPANY V. ROSSI.

1. MASTER AND SERVANT—*Master's Duty as to Place of Work.*

The rule requiring of the master reasonable care as to the safety of the servant's place of work is generally inapplicable where the servant is himself making the place of work, and the conditions are constantly changing. (89.)

2. —— *Custom—Duty of Miner as to Place of Work.*

A general custom that the miner shall assume the duty of keeping safe the place where he works, binds the miner who has knowledge thereof, in the absence of any positive rule of law to the contrary. (90.)

3. INSTRUCTIONS:—*Construed.* Action by a miner against the mine owner for an injury attributed to a fall of rock in the room where plaintiff was working. Plaintiff was engaged in pulling pillars. The injury occurred while he was about ten feet from the pillar at which he had been working, and while he was upon a track used for removing the coal. Defendant gave evidence of a general custom that the duty of maintaining in safety every part of the place of his work rested upon the miner. The court admitted this evidence, only to enable the jury to determine whether the parties had used ordinary care, and in the instructions repeatedly mentiond the duty of the master to keep the ''passage-ways'' safe, though the only ''passage-way'' mentioned was the track specified.

There was no instruction as to what was a ''passage-way,'' within the rule. *Held* that the effect of the charge was to advise the jury that the law required the master to safe-guard the track, regardless of the custom. (91, 92.)

*Error to La Plata District Court.* Hon. WILLIAM SEARCY, Judge.

Messrs. MCCLOSKEY & MOODY, for plaintiff in error.

Messrs. PERKINS & MAIN, for defendant in error.

Opinion by TELLER, J.

The defendant in error, plaintiff below, was injured in the coal mine of plaintiff in error by the falling of a rock from the roof of the room in which he was working. He had been working in this room for several months, having driven the room about 130 feet from the breast of the room as it was when he began work therein. For a month or so before the accident he had been "pulling pillars," or, in other words, removing the coal which formed a partition some 20 feet thick between this room and one adjoining it. There was a track from the entrance to, or nearly to the breast, which was used for the hauling out of the coal, and on each side of this track was a row of props supporting the roof. The removing of this partition of coal which helped to support the roof was preparatory to an abandonment of the room, and the pillar had been drawn for 150 feet or more, and the track taken up for 15 or 20 feet from its inner terminus. Plaintiff testified that the pillar had been drawn

to a point about 15 feet from where he was working on the day of his injury, and that at that point the pillar had not been cut through by 5 or 6 feet.

It is in such cases expected that the caving in of the roof will follow the pulling of the pillars, and the pressure on the props increases as the "retreat" proceeds, the roof caving from time to time.

Plaintiff claims, and the testimony tends to show, that he was injured while on the track above mentioned, at a point about 10 feet from the pillar where he had been working, he having ceased work and started for the entrance to the room, following the car track. There are some differences in the testimony as to the location of the hole in the roof whence the stone fell, but the testimony of plaintiff that he was hit while on the track, and of his witnesses that his injured leg was on one of the rails of the track, when found, is not directly contradicted.

Plaintiff's theory of the case is that the track was a "traveling way" which the defendant was bound to keep in a safe condition, and that the fall of the stone shows a neglect of that duty. One of the defenses pleaded was that the plaintiff's own work was constantly changing the condition of the place in which he was working, including that part of the room occupied by the track. The defendant, therefore, contends that the rule which requires the employer to furnish the employe a safe place in which to work does not apply.

That the rule above mentioned does not generally apply to such work as the plaintiff was doing, when the situation is constantly changing and the employe is himself making the place for working, is well settled in this state. *Northern Coal Company v. Allera*, 46 Colo. 224, 104 Pac. 197; *Creede United Mines Co. v. Hawman*, 23 Colo. App. 125, 127 Pac. 924.

If the plaintiff is entitled to recover it must be because

he was injured on the track in question, and that track must be a passage-way which falls within the class of ways which the mine operator is required to keep in a reasonably safe condition.

In addition to its claim that the rule last mentioned applied in this case, and so relieved it from liability, the defendant introduced testimony tending to show a general custom, known to the plaintiff, under which miners assume the duty of keeping safe the rooms in which they work. It took issue with plaintiff upon the proposition that the track in the room is exempt from the rule that miners assume the risk of the place where they work in actual mining. In the absence of a positive rule of law imposing upon the employer the safe-guarding of such a "way" there is no reason why such a custom, if general and known to the miner, would not be binding upon him. Indeed this custom appears to be in accord with the rule established by the authorities.

Judge Freeman (87 Am. St. Rep. 566) says: "This rule that the mine owner is bound to use all reasonable care to render safe the place furnished by him to the employes, is applicable only where the place in which the latter are at work is such that it can be said to be a place furnished by the mine owner. When, therefore, the employes are engaged in making their own place the rule does not apply. Where, for instance, miners are engaged in cutting down or blasting out the face of a drift, it would be entirely unreasonable to demand of the owner that immediately after each blast he make safe the place which the explosion has created. In such case the miners may with reason be said to furnish their own place. The character of the place is continually changing by reason of the work itself. It is, therefore, uniformly held that as to those places which the employe in the progress of his work furnishes for himself it is his duty and not that of his employer to use reasonable care to render them safe for the further prosecution of the work."

Judge Cochran in an opinion adopted by the Circuit Court of Appeals in *Big Hill Coal Co. v. Clutts*, 308 Fed. 524, 125 C. C. A. 526, says: "Possibly the law as to the duty of the mine operator to exercise reasonable care to provide the miner a reasonable safe place in which to work may be summed up in this way. The mine operator owes this duty except where it is the reasonable expectation of the parties that the miner himself shall look after his own safety. Generally speaking, such is the expectation where he is working in his room digging coal, and hence the mine operator does not owe him such duty. On the other hand, generally speaking, it is not the reasonable expectation that the miner shall do so as to an entry, and hence there the mine operator does owe him such duty. But where the miner is engaged in driving or assisting in driving the entry, it is the reasonable expectation of the parties, that whilst he is so doing, as to the portion of the entry that is being driven, he shall look after his own safety, and hence the mine operator does not owe him such duty in regard thereto."

The defendant was entitled to have the case presented to the jury on its theory of it, so far as that theory was consistent with the rules of law. It had the right, therefore, to have the jury pass upon this matter of a custom, and plaintiff's knowledge of it. While the court instructed the jury on what might be considered on the question of a custom, it limited the evidence admitted to "the purpose of enabling the jury to determine whether or not the parties had used ordinary care." (Inst. 16B.)

This withdrew from the jury the right to consider the evidence as to a custom, which if established and known to the plaintiff, would have relieved the defendant of the very obligation, upon a disregard of which plaintiff's claim was predicated. Although the only passage-way or entry involved in this case was the track in the room, and defendant

was insisting, and offered evidence to show that from which the jury might find that the plaintiff assumed the risk in every part of the room, the instructions repeatedly mention the employer's duty to keep the passage-ways safe.

There being no instruction as to what was a passage-way within the rule, the jury would, under these circumstances, naturally understand the court as holding that this track was a passage-way within the rule. If it was not such a way, there was no reason for mentioning passage-ways at all. Thus the jury was prevented from determining whether or not there was a custom which took the way in question out of the employer's especial care, and was almost certainly induced to understand that the law required the defendant to safeguard the way, regardless of any custom which would exonerate it from such duty.

Exceptions were saved to the giving of the instructions above mentioned, and the errors assigned present them for our consideration. There was error in these instructions and the judgment is reversed and the cause remanded.

GABBERT, C. J., and HILL, J., concur.

Decided June 7, A. D. 1915. Rehearing denied October 4, A. D. 1915.