No. 8843.

CALUMET FUEL COMPANY v. ROSSI.

*Coal Mines—Miner Responsible for Condition of Room Where He Works.* A temporary track in a coal mine, used solely for the accommodation of the miners working in the room, for the removal of coal, is part of the place of work of the miner there employed, and he has no action against the master for injuries attributable to the dangerous condition of the place.

*Error to La Plata District Court, Hon. W. N. Searcy, Judge.*

Messrs. MCCLOSKEY & MOODY, for plaintiff in error.

Messrs. PERKINS & MAIN, Mr. L. M. PERKINS, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

This case is here for the second time. The opinion on review of the first trial is reported in 60 Colo. 87, 151 Pac. 935, where the judgment was reversed, and the cause remanded for another hearing. At the second trial plaintiff again recovered judgment, and it is that record which is now for consideration. In this opinion the litigants are designated as they were in the court below.

Plaintiff while employed by defendant was injured by the fall of a slab of rock from the roof of a room in a coal mine. The room had been partially excavated by another before being turned over to plaintiff, and a track had been laid in the room for convenience in removing coal. At the time of the accident plaintiff was engaged in what is known as "pulling pillars," or removing the coal forming the partition wall between the room where he was at work and an adjoining one. The removal of this supporting pillar was preparatory to the abandonment of the room, as upon the removal of pillars in a room the roof usually falls. The track had been taken up for some distance to save it from being covered by debris, and props, supplied by the company for the purpose, were in place over the remaining track, and at other places where the roof appeared weak and seemed likely to give way.

It is claimed, and there is testimony to support the claim, that plaintiff was injured while on the track, and it is urged that the track was one of the travel ways of the mine, which defendant, under our statute, was bound to keep safe. The theory of the defense is that the track, and the entire room, was the working place of the plaintiff, and that conditions therein were constantly changing as a result of the work which plaintiff was doing; that therefore defendant was not responsible for the conditions existing in the room, they being better known to plaintiff than to any one else, as he was directly responsible for bringing about such conditions.

It was definitely determined in the former opinion that the miner is responsible for the safety of the room constructed by himself in the course of his work. The following excerpt from 87 Am. St. Rep. 566, was quoted in that opinion with approval:

"This rule that the mine owner is bound to use all reasonable care to render safe the place furnished by him to the employees, is applicable only where the place in which the latter are at work is such that it can be said to be a place furnished by the mine owner. When, therefore, the

employees are engaged in making their own place the rule does not apply. Where, for instance, the miners are engaged in cutting down or blasting out the face of a drift, it would be entirely unreasonable to demand of the owner that immediately after each blast he make safe the place which explosion had created. In such case the miners may with reason be said to furnish their own place. The character of the place is continually changing by reason of the work itself. It is, therefore, uniformly held that as to those places which the employee in the progress of the work furnishes for himself it is his duty and not that of his employer to use reasonable care to render them safe for further prosecution of the work."

Also the following from *Big Hills Coal Co. v. Clutts*, 308 Federal 524, 125 C. C. A. 526.

"Possibly the law as to the duty of the mine operator to exercise reasonable care to provide the miner a reasonably safe place in which to work may be summed up in this way. The mine operator owes this duty except where it is the reasonable expectation of the parties that the miner himself shall look after his own safety. Generally speaking, such is the expectation where he is working in his own room digging coal, and hence the mine operator does not owe him such duty. On the other hand, generally speaking, it is not the reasonable expectation that the miner shall do so as to an entry, and hence there the mine operator does owe him such duty. But where the miner is engaged in driving or assisting in driving the entry, it is the reasonable expectation of the parties, that whilst he is so doing, as to the portion of the entry that is being driven, he shall look after his own safety, and hence the mine operator does not owe him such duty in regard thereto."

The question as to the responsibility of the miner for the safety of his own room having been definitely settled in the former decision, the only matter left for consideration is whether the track in question was a passage way. That this is the situation is clearly shown by the following quo-

tation from the former opinion (60 Colo. 89, 151 Pac. 935) :

"If the plaintiff is entitled to recover it must be because he was injured on the track in question, and that track must be a passage way which falls within the class of ways which the mine operator is required to keep in a reasonably safe condition."

There are a number of assignments of error, but it is plain, as upon the former review, that if the track within the room is to be considered as part of the working place of the plaintiff, and not a traveling way within section 641, R. S. 1908, the plaintiff cannot recover, because the rule requiring an employer to provide a safe working place has no application here, since the employee makes his own working place by his own labor, as a result of which the conditions in the room where he works are continually changing. *Northern Coal Co. v. Allera,* 46 Colo. 224, 104 Pac. 197; *Creede United Mines Co. v. Hawman,* 23 Colo. Ap. 125, 127 Pac. 924, and *Calumet Co. v. Rossi, supra.*

The question of what may be considered a travel way in a mine of this character was discussed in *Ricardo v. Central Coal & Coke Co.,* 100 Kans. 95, 163 Pac. 641, where the plaintiff was injured in a room that had been partially excavated by another, as in this case. The review court approved an instruction which defined a travel way as follows:

"Webster defines travel to mean 'to journey over; to traverse; the act of traveling from place to place.' The same authority defines way to mean 'that by, upon, or along which one passes or progresses, opportunity of room to pass; place of passing; passage; road; street; track or path of any kind.' So I instruct you that under the words 'traveling ways' under the statutes in this State and in these instructions means a place habitually and necessarily used by a miner or by the miners in a coal mine to travel upon or through in going to and from his or their working place or places."

The court then quotes with approval from *Baldi v. Cedar Hill Coal & Coke Co.,* 173 Federal 781, reported in 97 C. C. A. 505:

"Colorado has a statute almost identical with the statute of this State. In *Baldi v. Cedar Hill Coal & Coke Co.,* * * * the United States Court of Appeals, Eighth Circuit, construed the expression, 'traveling ways,' as used in the Colorado statute. In that case the plaintiff and another person were engaged in removing dirt, coal and rock through a place which, when completed, was to be used as a passageway or entry. The court there said: 'Under the facts in this case, we do not think the place where they were working was a traveling way at the time of the injury. * * * It was the same as what has been designated as a 'room' in which coal is mined, and under the statute it was the duty of the defendant to furnish the plaintiff and his companion * * * the timbers necessary for protecting the roof of the excavation from falling as the work progressed. But it was not the duty of the defendant to place the timbers. * * * ' The expression of the Supreme Court of this State, and the decision of the United States Circuit Court of Appeals in the Baldi case justify the conclusion in the present action that the place where the plaintiff was injured was not a traveling way within the meaning of the statute."

In speaking of the duty of the court to determine the statutory meaning of the terms of the statute in relation to coal mines, the court said:

"The term 'room,' 'entry,' 'traveling way,' and a number of others, are used in the statutes, and must have definite and fixed meanings, applicable in all situations where the shaft, entry, room and pillar system of mining is carried on. It follows that, when a place in a mine is definitely described and its relation to the other parts of the mine is fixed and certain, as being a place in a room, an air passage, or a traveling way, it is a question of law for the court to determine whether such place is or is not a traveling way."

In the case at bar the track in question was temporary only, being taken up or. removed as the conditions of the work required, and was used solely as an accommodation for the miners working in the room, for the removal of coal. It was not necessarily or habitually used by any one, not even plaintiff himself, as a means of going to and from his place of work. It was in fact a part of his working place, and as such it must have been in the contemplation of all parties that the miner himself should make it safe for his own use, benefit and protection. It can not, upon any theory, be considered a traveling way within the perview of the statute.

The judgment must therefore be reversed and it is so ordered. The cause is remanded with directions to the trial court to dismiss it.

Judgment reversed with directions.

Decision *en banc.*